RECEIVED
SDC CLERK, CHARLESTON, S.
2006 APR -3  A 11:30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Harry N. Charles, III (aka Harry N. Charles, II), #268775,<br><br>Plaintiff,<br><br>-versus-<br><br>Jon Ozmint, Director of SCDC; Robert Ward, Director of Operations; Willie L. Eagleton, Warden at E.C.I.; Arthur Houston, State Case Worker; Mrs. B. Barnes, Supervisor/Designee at C.V.C.; Anthony J. Padula, Warden at L.C.I.; Charles Sheppard, Insp. Gen. Internal Affairs; and Margaret Bell. Assoc. Warden at L.C.I.,<br><br>Defendants. | C. A. No. 2:05-2187-DCN-RSC<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This civil rights action, brought by a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983[1], is before the undersigned United States Magistrate Judge

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

for a report and recommendation on cross motions for summary judgement. 28 U.S.C. § 636(b).

The plaintiff, Dr. Harry N. Charles, II, brought suit on August 16, 2005, and named as defendants Jon Ozmint, Director of the South Carolina Department of Corrections (SCDC); Robert Ward, acting Director of Operations of SCDC; Willie L. Eagleton, Warden of Evans Correctional Institution; Arthur Houston, identified as a state caseworker; B. Barnes, identified as a supervisor at the Central Visitation Center; Anthony J. Padula, Warden of Lee Correctional Institution; Margaret Bell, an Associate Warden at Lee Correctional Institution; and Charles Sheppard, identified as Inspector General of Internal Affairs.

Plaintiff alleged that Eagleton and Padula denied him visiting privileges with his common law wife, Wanda Brown, a former contract employee at Evans Correctional Institution. He also claims that defendants Ozmint, Ward, Houston, and Barnes failed to intervene to get his request approved. He additionally alleges that he was improperly placed in the Special Management Unit (SMU) at Lee Correctional Institution by Sheppard, then the Inspector General of the South Carolina Department of Corrections, pending an investigation, and that Sheppard breached SCDC policy by allowing the investigation to take too much time. Plaintiff claims that defendants Padula and Bell failed to intervene in the investigation. Plaintiff also alleges that he

was not allowed access to the courts in that he did not have access to his legal box and there is no delivery of legal materials from the law library to the SMU on a daily basis. He also alleges that food in the SMU was late and cold, that the water in the showers was cold, and the food trays were not properly cleaned. The plaintiff alleges that ninety-seven percent of the inmates incarcerated in the SMU are African American, which constitutes racial profiling.

Plaintiff seeks damages, injunctive relief and an order that all defendants be terminated from their employment.

The plaintiff filed his motion for summary judgment on November 16, 2005, and the defendants filed their opposition on December 5, 2005. On February 13, 2006, the defendants filed a motion for summary judgment. On February 15, 2006, the plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed an opposition to the motion on March 15, 2006. Hence, it appears consideration of the motions is appropriate.

A review of the record and relevant case law reveals this case should be dismissed without prejudice because of the plaintiff's failure to comport with the exhaustion requirement of

the Prison Litigation Reform Act (PLRA).

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed. R. Civ. P. 56(c). To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, at 255, 106 S.Ct. at 2513-14.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act (PLRA), "No action

shall be brought with respect to prison conditions[2] under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.

Congress enacted the PLRA in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. A plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be raised and pled by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The plaintiff has the burden of demonstrating that he had exhausted the prison grievance procedure or that administrative

---

[2] The Supreme Court recently held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). Also, in Booth v. Churner, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. Id. at 1825.

remedies were unavailable with respect to his claims before the date of the filing of his § 1983 action. See, Brown v. Tombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998).

## DISCUSSION

The defendants filed an answer on October 6, 2005, and raised failure to exhaust prison remedies as an affirmative defense. The defendants also filed a summary judgment motion with affidavits and verified exhibits in which they argued that the plaintiff did not exhaust his administrative remedies and that the court should dismiss his claims on that basis.

The sworn affidavit of Mary Coleman, head of the SCDC's inmate grievance branch is part of the record here. It reads:

> 1. My name is Mary Coleman and I am employed by the South Carolina Department of Corrections as chief of the Inmate Grievance Branch.
>
> 2. My job involves oversight of the Inmate Grievance System for the South Carolina Department of Corrections, through which inmates may seek formal review of complaints relative to disciplinary hearing appeals, classification appeals, department policy/procedures, directives, or conditions which directly affect an inmate.
>
> 3. As such, the Inmate Grievance System is the mechanism utilized by inmates to bring resolution to incidents which they perceive to negatively impact them or to identify situations which they believe to be inequitable, and the like.
>
> 4. The use of the Inmate Grievance System allows the agency and the inmate to jointly participate in the resolution of issues, providing the inmate with attention from ranking officers throughout

the agency. Additionally, if the final decision rendered by the agency is adverse to the inmate, the next step in exhausting his or her administrative remedies would be to petition the Administrative Law Court to ascertain if there is appellate jurisdiction in that court. Also, if the Administrative Law Court's decision is also adverse to the inmate, his or her next administrative step would be an appeal to the State Circuit Court.

5. This case concerns allegations that after the Plaintiff's incarceration at Evans Correctional Institution, defendant Eagleton refused to approve the application of Wanda M. Brown, his alleged common law wife, for visitation privileges with him. He also alleges that defendants Ozmint, Ward, Houston, and Barnes failed to properly intervene and resolve the visitation question as he desired. After his transfer from Evans to Lee Correctional Institution, I am informed that the plaintiff was placed in the Special Management Unit pending investigation after Ms. Brown became employed at Lee as a contract medical employee, thus creating a situation where an inmate was housed in an institution where a wife was employed. He claims that defendant Sheppard, the SCDC Inspector General, did not have the investigation completed pursuant to agency policy, and that his existence in the SMU was difficult. The plaintiff also alleges that defendant Bell failed to properly intervene on his behalf.

6. I have reviewed the plaintiff's use of the administrative remedies available to him concerning the above referenced allegations. The plaintiff filed SCDC grievance number 0955-05 from Lee Correctional Institution, in which he claimed he was placed in the Special Management Unit under Investigation and not informed of the reasons for the lockup. This grievance was filed on May 28, 2005, and was denied by Warden Padula of Lee Correctional Institution on June 23, 2005. The plaintiff appealed the warden's decision on June 29, 2005, by filing a Step 2 grievance, which was denied by the Central Office on October 10, 2005. I find no evidence that the plaintiff appealed his Step 2 denial to the Administrative Law Court. He

is no longer incarcerated in the SMU pending investigation. Further, I find that no grievance has been submitted concerning his claims that conditions in the SMU were bad. I also find no grievance filed complaining of the prohibition against visitation by Wanda M. Brown. The plaintiff did file an unprocessed grievance alleging that he was denied access to his legal box while in the SMU. Grievance number Lee-1222-05 was filed on June 30, 2005, and returned unprocessed because he was granted access on that date, thereby rendering his grievance moot. No further action was taken by the plaintiff as to this matter. Additionally, I have found no evidence of grievances filed alleging that other defendants named improperly failed to intervene in any of the issues stated above. Therefore, the plaintiff has failed to exhaust his available administrative remedies concerning the allegations set forth in this Complaint.

7.    The foregoing presents a true and accurate portrayal of my knowledge and investigation regarding the procedures and facts regarding this matter.

The plaintiff submitted no evidence in response to the defendant's motion and the Coleman affidavit. As such, it appears that the only complaint that Plaintiff grieved through Step 2 of the SCDC Inmate Grievance procedure[3] was his complaint

---

[3]  The defendant takes the position that a prisoner must file an action under the S.C. Administrative Procedures Act before the administrative law judge before administrative remedies have been exhausted for § 1983 purposes. However, for purposes of the § 1997e(a) exhaustion requirement, that construction of the term "administrative remedies" to include appeals through the S.C. APA process is overbroad. The pursuit of the S.C. APA process would invoke state judicial remedies. See, James F. Flanagan, Redefining the Role of the State Administrative Law Judge: Central Panels and Their Impact on State ALJ Authority and Standards of Agency Review, Administrative Law Review 1355 (2002). In § 1983 matters

that he was placed in the Special Management Unit under Investigation and not informed of the reasons for the lockup and that the length of time it took to complete the investigation was not permitted by SCDC rules. None of his other complaints were grieved through the end of the administrative procedure and they should be dismissed without prejudice on that basis.

Further, not even Plaintiff's exhausted complaint can be brought in the instant action because that grievance was pending until October 10, 2005, when it was denied by the Central Office, and Plaintiff brought his complaint here on August 16, 2005, while the grievance was still pending. Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. In considering dispositive motions based upon the plaintiff's failure to exhaust under section 1997e(a), it appears that the court should look to the time of filing, not the time the court is rendering its decision, to determine if exhaustion has occurred.[4] The

---

Congress only intended that "administrative remedies" be satisfied. See, e.g. Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 537 U.S. 949 (2002).

[4] While the undersigned is unaware of any Fourth Circuit precedent directly on point, the circuit courts that have addressed this issue have ruled that a plaintiff must complete the exhaustion process prior to filing suit. See, Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002); Medina-Claudio v.

9

plaintiff simply filed his suit too early.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the complaint be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA. All other motions should be deemed moot.

Respectfully Submitted,

*/s/ Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March 31, 2006

---

Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Miller v. Tanner, 196 F.3d 1190, 1192 (11th Cir. 1999); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
Post Office Box 835
**Charleston, South Carolina 29402**